# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICK FEITE, and FEITE ENTERPRISES LLC.** | : | **CIVIL ACTION** |
| v. | : | |
| **ACHIM NEUMANN and A. NEUMANN & ASSOCIATES, LLC** | : | **NO. 19-4280** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                         **February 11, 2020**

After removing this action from the Court of Common Pleas for Bucks County, defendants Achim Neumann and A. Neumann & Associates, LLC (collectively, "Neumann") have moved to dismiss for *forum non conveniens*. Neumann seeks to enforce a forum selection clause in an independent contractor agreement between the parties requiring that any legal action arising out of or related to the agreement be brought in the Superior Court of New Jersey in Monmouth County. Plaintiffs Mick Feite and Feite Enterprises LLC (collectively, "Feite") claim the forum selection clause is invalid. Feite contends Achim Neumann did not execute the agreement; and, even if he did, the agreement is invalid because it violates public policy and Feite signed it under economic duress.

We conclude that the forum selection clause is valid and must be enforced. Therefore, we shall grant the motion.

## Factual Background

Defendants Achim Neumann and A. Neumann & Associates, LLC are engaged in the business of business brokerage, mergers and acquisitions.[1] On January 14, 2013,

---

[1] Am. Compl. at ¶ 6 (ECF No. 14).

1

Mick Feite executed an "Independent Representative Agreement" (the "2013 Agreement") to provide selling services to Neumann in return for a 40% commission on "all closed business brokerage transactions" he facilitated.[2]

In 2016, Neumann terminated the 2013 Agreement, and required Feite to form a limited liability company and sign a new "Independent Contractor Agreement" (the "2017 Agreement").[3] At that time, there were several pending transactions that could potentially yield commissions to Feite.[4] Feite signed the new agreement in January 2017.[5]

The 2017 Agreement contained the following venue clause:

> All matters arising out of or relating to this Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to choice or conflict of law rules of any jurisdiction. Each party irrevocably submits to the exclusive jurisdiction of the Superior Court of New Jersey, Monmouth County in any legal suit, action or proceeding (hereinafter "Legal Action") arising out of or relating to this Agreement, and any such Legal Action shall be instituted in said Court. The parties irrevocably and unconditionally waive any objection to the laying of venue of any such Legal Action in said Court and irrevocably waive and agree not to plead or claim that any such Legal Action brought in said Court has been brought in an inconvenient forum. All reasonable expenses and legal fees for any such Legal Action shall be borne by the Contractor if the Broker is the prevailing party in the dispute.[6]

Feite terminated his relationship with Neumann in April 2018.[7] At that time, Feite had three pending transactions that, if they closed, could produce $400,000 in

---

[2] *Id.* at ¶¶ 6, 18.

[3] *Id.* at ¶ 23.

[4] *Id.* at ¶ 27.

[5] *Id.* at ¶ 23.

[6] *Id.* at ¶ 30.

[7] *Id.* at ¶ 41.

commissions.[8] None closed. They either were or are currently in litigation.[9] Feite has not received any commissions for these transactions.[10]

Feite asserts claims under the Pennsylvania Wage Payment and Collection Law, breach of contract, unjust enrichment, and quantum meruit. Neumann has moved to dismiss Feite's complaint on grounds of *forum non conveniens*, arguing his claims must be litigated in the Superior Court of New Jersey as required by the 2017 Agreement's forum selection clause.[11]

**Standard of Review**

In deciding a motion to dismiss, courts consider only the allegations of the complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 687 (1994). However, courts may consider documents incorporated by reference in the complaint. *Cal. Pub. Empls.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 134 (3d Cir. 2004). Courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.,* 998 F.2d at 1196.

---

[8] *Id.* at ¶¶ 42-43.

[9] *Id.* at ¶¶ 44-47.

[10] *Id.* at ¶ 42.

[11] Defs.' Mot. to Dism. at 5-8 (ECF No. 18). We note that the 2013 Agreement contains a forum selection clause that requires arbitration of all disputes arising out of the Agreement. However, Neumann is not seeking enforcement of the arbitration provision because he terminated the 2013 Agreement in 2016. According to Neumann, "[i]f [the 2017 Agreement] did not exist there would have been no relationship between these parties as of January 1, 2017 as Defendants exercised their rights to terminate the prior contract." Defs.' Mot. to Dismiss at 9. Feite contends that Neumann never revoked the 2013 Agreement, but its forum selection clause is invalid because it is "more predatory, onerous and unenforceable and likely the 'legal reason' for the revised 2017 IC Agreement." Pls.' Resp. to Defs.' Mot. to Dism. at 7 n. 1 (ECF No. 23). Because neither party is seeking to enforce the arbitration provision, we shall not address it.

3

Courts may do so because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice . . . and has relied upon [those] documents in framing the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks, alteration, and citation omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196 (citing *Goodwin v. Elkins & Co.,* 730 F.2d 99, 113 (3d Cir. 1984)). Courts may consider these documents without having to convert the motion to one for summary judgment. *Id.*

## Discussion

It is important to note what this motion is not. Neumann has not moved to dismiss for improper venue under Rule 12(b)(3) or for wrong venue under 28 U.S.C. § 1406(a). Nor has he moved for transfer under 28 U.S.C. § 1404(a). He moves only for dismissal for *forum non conveniens* under Rule 12(b)(6).

In deciding whether to dismiss for *forum non conveniens*, a court evaluates the existence of an adequate alternative forum, the plaintiff's choice of forum, and the public and private interest factors implicated. *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189-90 (3d Cir. 2008).[12] Where there is a valid forum selection clause, the analysis differs. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). The plaintiff's choice of forum is given no weight. *Id.* Nor are private interest factors considered. *Id.* at 64.

---

[12] Motions to transfer venue under 28 U.S.C. § 1404(a) and motions to dismiss for *forum non conveniens* entail the same balancing-of-interests standards. *Id.* Therefore, courts evaluate a forum selection clause pointing to a non-federal forum in the same way as one pointing to a federal forum. *Id.*

4

We consider only the public interest factors. *Id*. These factors include the enforceability of the judgment; practical considerations that could make trial easy, expeditious, and inexpensive; court congestion; the local interest in deciding local controversies at home; the public policies of the fora; the familiarity of the trial judge with the applicable state law in diversity cases; and other considerations of judicial economy. *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (citations omitted). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

Without addressing the public interest factors, Feite presents three arguments why the 2017 Agreement, including the forum selection clause, is invalid: (1) it was not executed by Neumann; (2) Feite signed it under economic duress; and (3) it violates public policy because it misclassifies Feite as an independent contractor and includes an unconscionable fee-shifting provision in the forum selection clause.

**Failure to Execute the 2017 Agreement**

Feite argues that the 2017 Agreement is invalid because Neumann did not execute it.[13] Pointing out that the plain language of the 2017 Agreement provides that the Agreement is valid only upon execution by all parties, Feite presented a copy that was signed only by him.[14] Neumann later submitted a copy of the fully executed contract bearing his signature.[15] Feite contends that the signature is fraudulent.[16] The belated

---

[13] Pls.' Resp. at 5-6.

[14] *Id*. at 6.

[15] Defs.' Reply Exh. 1 (ECF No. 24).

[16] Pls.' Sur-Reply at 4 (ECF No. 26).

5

submission of a signed version, along with the fact that Neumann attached an unexecuted copy to his motion to dismiss, raised a question of the signature's authenticity. Because there was a question of the authenticity of the document Neumann offered, we held an evidentiary hearing.

At the hearing, Neumann testified that he sent Feite an unsigned copy of the proposed 2017 Agreement by email on December 29, 2016.[17] Feite signed and returned it.[18] Neumann testified that he countersigned the agreement after receiving the document with Feite's signature.[19] He claimed he was never asked to provide a fully executed copy until recently.[20] Feite testified he does not believe he ever received the fully signed copy, but he was not certain.[21] After the evidentiary hearing, Neumann provided a copy of the email he sent to Feite later in January 2017 containing the fully executed agreement.[22]

We find that Neumann's signature is authentic. Therefore, we conclude there was a validly executed Agreement.[23]

---

[17] December 11, 2019 Hr. Tr. at 5:6-14; 11:10-16.

[18] *Id.* at 5:25-6:4.

[19] *Id.* at 6:1-4, 11:18-21.

[20] *Id.* at 10:11-13.

[21] *Id.* at 23:3-11.

[22] Defs.' Response to Pls.' Sur-Reply at 8 (ECF No. 28).

[23] Feite also argues that the 2017 Agreement is invalid because he signed it under economic duress. Pls.' Resp. at 7-9. A "forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." *Id. See also MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 847 (3d Cir. 2003) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403-04 (1967)). Feite alleges no facts showing that Neumann specifically exploited his bargaining power to include the forum selection clause in the 2017 Agreement. Because he has not demonstrated that Neumann's inclusion of the forum selection clause itself in the agreement was the product of fraud or overreaching, we cannot invalidate the forum selection clause on this ground. *See Pride Enters., Inc. v. Lewes Steel Serv.*, No. 09-330, 2010 WL 1337683, at *4 (D. Del. Mar. 31, 2010)

6

**Public Interest Factors**

*Independent Contractor Classification*

Feite argues that the 2017 Agreement is void *ab initio* because it violates Pennsylvania's public policy against misclassifying employees as independent contractors.[24] Feite claims that the 2017 Agreement denies him protections under wage and discrimination laws as well as the benefits of health care, unemployment compensation, and workers' compensation.[25] He contends that he has alleged facts that demonstrate he is an employee rather than an independent contractor.[26]

This argument about misclassification is irrelevant to our analysis. Feite seeks to enforce his contractual right to his commissions for the three pending transactions. Whether he was an employee or an independent contractor has nothing to do with his entitlement to commissions. Significantly, his argument does not address the validity of the forum selection clause itself.[27]

---

(refusing to find a forum selection clause in a credit application invalid for overreaching where the plaintiff-contractor claimed it had "no viable economic option" because of the pending construction project).

[24] Pls.' Resp. at 9-10.

[25] *Id.* at 10.

[26] *Id.* at 10-11.

[27] Feite's claim under the Pennsylvania Wage Payment and Collection Law (WPCL) does not defeat enforcement of the forum selection clause. Under Pennsylvania's choice-of-law rules, New Jersey law governs the 2017 Agreement. The legal venue provision selects New Jersey as the governing law, and New Jersey has a substantial relationship to the parties and the transaction. *See Gay v. CreditInform*, 511 F.3d 369, 389 (3d Cir. 2007) ("Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them") (quoting *Kruzits v. Okuma Machine Tool, Inc.,* 40 F.3d 52, 55 (3d Cir. 1994)). Under New Jersey law, the WPCL claim falls within the scope of the forum selection clause because the clause is broadly worded and clearly and unambiguously reflects the parties' intention to litigate "any legal suit, action or proceeding . . . arising out of or relating to this Agreement." Am. Compl. at ¶ 30. *See, e.g., Caspi v. Microsoft Network, L.L.C.*, 732 A.2d 528, 531 (N.J. App. Div. 1999) (affirming trial court's finding that the language of the forum selection clause covering all disputes arising out of or relating to the use of the computer network or membership clearly and unambiguously required subscribers to sue internet service provider in Washington state court). Therefore, Feite can pursue his WPCL claim in the Superior Court of New Jersey. *See Collins ex rel. herself and all*

7

*The Venue Provision's Fee-Shifting Arrangement*

Feite argues that the fee-shifting arrangement contained in the forum selection provision is unconscionable and against public policy.[28] Without countering Feite's argument, Neumann contends that the fee-shifting arrangement does not defeat enforcing the forum selection clause because the 2017 Agreement's severability provision instructs us to construe the Agreement as if any invalid parts were omitted.[29] He argues that omitting the final sentence of the venue provision would not affect the language or enforceability of the rest of the provision.[30]

The fee-shifting clause is not a bar to enforcing the forum selection clause. Assuming that the fee-shifting clause is unconscionable, it may be severed from the contract because it is not an essential term of the agreement. *Stewart v. GGNSC-Canonsburg, L.P.*, 9 A.3d 215, 217 (Pa. Super. 2010) (citing *Huber v. Huber*, 470 A.2d 1385, 1389-90 (Pa. Super. 1984) and RESTATEMENT (SECOND) OF CONTRACTS § 184 (1981)); *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 214 (3d Cir. 2003). To determine whether the offending clause is an essential part of the agreed exchange or simply an ancillary aspect, we must examine the parties' intent. *Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 288 (3d Cir. 2004) (applying Virgin Islands law) (citing *Nat'l Iranian Oil Co. v. Ashland,* 817 F.2d 326, 333 (5th Cir. 1987) and RESTATEMENT (SECOND) OF CONTRACTS §§ 184, 185). "Relevant to the intent issue is the presence or absence . . . of

---

*other similarly situated persons v. Mary Kay, Inc.*, 874 F.3d 176, 185 (3d Cir. 2017) (affirming district court's dismissal of New Jersey wage claim for *forum non conveniens* where contract governed by Texas law required suit in Texas state court).

[28] Pls.' Resp. at 11.

[29] Defs.' Reply at 6.

[30] *Id.*

a contract provision calling for the severance of invalid provisions." *Id. See also Heilwood Fuel Co. v. Manor Real Estate Co.*, 175 A.2d 880, 884 (Pa. 1961) (citing *Easton v. Jones*, 44 A. 264, 265 (Pa. 1899)).

The severability clause of the 2017 Agreement evidences the parties' intent. The Agreement's "invalid provisions" clause states: "The validity or unenforceability of a particular provision of this Agreement shall not affect the other provisions hereof, and the Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted."[31] This language clearly and unambiguously shows an intent to excise any invalid or unenforceable provisions and enforce the other provisions of the Agreement.

In an analogous situation, courts applying Pennsylvania law have found that attorney's fees and costs provisions in arbitration agreements do not constitute essential parts of the agreement to arbitrate, including the case on which Feite relies. *See Kauffman v. U-Haul Int'l, Inc.*, No. 16-4580, 2018 WL 4094959, at *9 (E.D. Pa. Aug. 28, 2018) (severing fee provision from arbitration clause). *See also Spinetti*, 324 F.3d at 219; *Glenwright v. Carbondale Nursing Home, Inc.*, No. 16-0926, 2017 WL 1092541, at *7 (M.D. Pa. Mar. 23, 2017). Feite attempts to distinguish *Kauffman*'s severability holding, arguing that the court did not have to consider, as here, a contract without valid execution. However, we have found that the Agreement was validly executed. Feite offers no other arguments for why we should not sever the fee provision.

We find that the primary purpose of the forum selection clause was to agree on a forum for resolving disputes, not to regulate attorney's fees. The fee-shifting provision can be severed without disturbing the essential purpose of the forum selection clause.

---

[31] Defs.' Reply Exh. 1 at ¶ 54.

9

Whether the fee-shifting provision is unconscionable is an issue for the New Jersey court to decide.

*The Remaining Public Interest Factors*

Enforceability of a judgment is not an issue. A judgment entered in the Superior Court of New Jersey would be enforceable against Neumann in his home state of New Jersey.

Practical considerations bearing on the expediency and cost of a trial are neutral. Neither party has addressed these concerns. We will not speculate how they are impacted by where the case is tried.

It does not appear that either forum has a significant local interest in deciding the case. Neumann operates and is located in Monmouth County, New Jersey. Feite lives in Bucks County, Pennsylvania. He apparently represented Neumann in the Bucks County area. Because both fora may have an interest without one predominating, the local interest factor is neutral.

**Conclusion**

We conclude that the forum selection clause in the 2017 Agreement is valid. Feite has not shown that the public interest factors outweigh the enforcement of the forum selection clause. Therefore, we shall grant Neumann's motion to dismiss for *forum non conveniens* without prejudice to Feite's right to bring an action in the Superior Court of New Jersey.